**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4984**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

JUDE ELIGWE,

             Defendant – Appellant.

**No. 08-4986**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

GIOVANNI BELL,

             Defendant – Appellant.

**No. 08-4992**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

RICHOL GRINER,

        Defendant – Appellant.

---

**No. 10-4860**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GIOVANNI BELL,

        Defendant – Appellant.

---

**No. 10-4863**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RICHOL GRINER,

        Defendant – Appellant.

---

**No. 10-4864**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JUDE ELIGWE,

                Defendant – Appellant.

─────────────

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:07-cr-00160-PJM-2; 8:07-cr-00160-PJM-1; 8:07-cr-00160-PJM-3)

─────────────

Argued: October 27, 2011                Decided: December 1, 2011

─────────────

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in which Judge Wilkinson and Judge Agee joined.

─────────────

**ARGUED:** Gary Allen Ticknor, Elkridge, Maryland, for Appellants. Emily Noel Glatfelter, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Arthur S. Cheslock, Baltimore, Maryland, for Appellant Jude Eligwe; Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant Richol Griner. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Deborah A. Johnston, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

A jury convicted Jude Eligwe, Giovanni Bell, and Richol Griner of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. The jury also convicted Bell and Griner of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). In this consolidated appeal, the defendants raise a total of thirteen issues. We address only one: the admissibility of Eligwe's post-arrest statements.[1]

I.

Prior to trial, Eligwe moved to suppress his custodial statements. The district court denied his motion, and the following facts are relevant to our review of the district court order. "We construe the evidence in the light most favorable to the Government, the prevailing party below." United States v. Seidman, 156 F.3d 542, 548 (4th Cir. 1998).

After arresting Eligwe in connection with the bank robbery, the Montgomery County Police transported him to police headquarters, where Detective Mason interviewed him in a room

---

[1] We have reviewed the remaining issues and find them to be without merit.

equipped with video recording. Before asking questions related to the charges, Mason reviewed the Police Department's advice of rights form with Eligwe. Eligwe then executed the form, indicating that he understood his rights and wanted to speak with Mason.

At one point during this initial interview and after some discussion of the bank robbery, Eligwe said, "I want a lawyer," and "I need a lawyer for that." J.A. 589. Because Eligwe spoke quickly and excitedly with a heavy accent, Mason asked for clarification, "you don't wanna talk to me[?]" Eligwe replied, "I wanna talk to you sir but you gotta understand something." J.A. 589. Moments later, Eligwe said, "I'll get a lawyer." J.A. 590. Mason testified that because Eligwe used the word lawyer, he tried to ask clarifying questions of Eligwe, but Eligwe indicated that he wanted to keep talking with Mason and actually continued speaking over Mason.

After this initial interview, the police put Eligwe in a holding cell. While in the cell, Eligwe asked to again speak with Mason. Eligwe was then brought back into the interview room. Mason asked Eligwe, "You say you wanted to talk to me[?]" Eligwe responded, "Yeah, it's very important I talk to you." J.A. 712. At this point, Eligwe told Mason that he had provided information to a bank customer, including information about the bank's procedures, the times he worked, the vault timers, and

5

where money was stored. Eligwe also admitted that he had accessed a co-conspirator's bank account after the robbery "to see whether there was any money." J.A. 1133.

Prior to trial, Eligwe moved to suppress these custodial statements. The district court denied his motion, finding that Eligwe's references to wanting a lawyer were not unambiguous or unequivocal requests for a lawyer and, therefore, his statements were not barred by the Fifth Amendment.

## II.

Eligwe argues that the district court violated his Fifth Amendment rights by admitting his custodial statements into evidence.[2] We review a district court's legal conclusions made pursuant to a suppression determination de novo and its factual findings for clear error. Further, such rulings are subject to harmless error review. See United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005)("We first determine whether the district court should have suppressed . . . [the defendant's]

---

[2] Although Eligwe alleges a violation of both his Fifth and Sixth Amendment rights, his Sixth Amendment rights had not yet attached. See United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citing McNeil v. Wisconsin, 501 U.S. 171, 175 (1991))("A criminal defendant's Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings, which at least includes the point of formal charge, indictment, information, preliminary hearing, or arraignment.").

6

statements, and, then, if so, we ask whether the failure to do so was harmless beyond a reasonable doubt."). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997)(internal citation marks omitted).

Although a suspect can waive his Fifth Amendment right to counsel and agree to an interview with the police, "if a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." Davis v. United States, 512 U.S. 452, 458 (1994) (citing Edwards v. Arizona, 451 U.S. 477, 484–485 (1981)). However, such a request must be unambiguous. "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning." Id.

We find that Eligwe did not make an unambiguous request for an attorney. When read out of context, Eligwe's isolated statements could perhaps be read as such a request. However,

7

after reviewing the video-taped interview, we conclude that no reasonable officer in light of the circumstances would have understood those statements to be an unequivocal request for a lawyer. Eligwe spoke quickly and with a heavy accent, and when Mason attempted to ask Eligwe clarifying questions, Eligwe spoke over Mason and continued talking about the case. Furthermore, even if Eligwe had invoked his right to counsel, the district court did not err in introducing the custodial statements because Eligwe made the statements at issue after he reinitiated communication with Mason. See Edwards, 451 U.S. at 485 (invocation of counsel can be waived if "the accused himself initiates further communication, exchanges, or conversations with the police").

Alternatively, we conclude that, even assuming the district court erred in admitting Eligwe's custodial statements, any error was harmless. In light of the Government's overwhelming evidence of guilt presented throughout the trial, there was sufficient evidence to sustain the jury's verdict even without this challenged evidence. See Johnson, 400 F.3d at 197 (finding that error in admitting custodial statements made after defendant invoked his right to counsel was harmless, especially as his statements did not amount to a full confession).

III.

For the foregoing reasons, we affirm the convictions and sentences of Jude Eligwe, Giovanni Bell, and Richol Griner.


<u>AFFIRMED</u>